IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01770–WJM–MDB

DAVID SCOTT HAYDEN,

    Plaintiff,

v.

KIRK M. TAYLOR,
JEFF HAWKINS,
ANDREW E. HAYES,
ANDREW PIPPE, and
CHAD WOLGRAM,

    Defendants.

## ORDER APPOINTING COUNSEL

    This matter is before the Court *sua sponte*. In accordance with D.C.COLO.LAttyR 15 of the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the Court hereby determines that *pro se* Plaintiff David Scott Hayden merits appointment of counsel drawn from the Civil Pro Bono Panel. For the reasons set forth below, the Court is satisfied that the following factors and considerations have been met: (1) the nature and complexity of the action; (2) the potential merit of Plaintiff's claims; (3) the demonstrated inability of Plaintiff to retain counsel by other means; and (4) the degree to which the interests of justice, including the benefit to the court, will be served by appointment of counsel. *See* D.C.COLO.LAttyR 15(f)(1)(B).

Mr. Hayden filed suit, *pro se*, on July 18, 2022, alleging that Defendants are responsible for continuous "dumping" and movement of over a million and a half yards of dirt. (Doc. No. 1 at 5-6.) Mr. Hayden claims that "[w]hen it rains or snows these materials cascade down the 80-foot-high embankment filling up the stream on [his] property to [sic] with mud, silt, rocks, and other debris causing the stream to overflow and flood [his] property leaving debris and hazardous material in its wake." (*Id.*) Mr. Hayden claims he is entitled to thousands of dollars in connection with his claims.

Defendants have filed three separate motions seeking dismissal of the entire case. (Doc. Nos. 41, 42, 43.) In their pending motions to dismiss, Defendants challenge jurisdiction on the basis of Plaintiff's citizenship at the time of filing, and also pursuant to the Colorado Governmental Immunity Act ("CGIA"). (Doc. No. 49 at 2 (citing Colo. Rev. Stat. § 24-10-106).) The CGIA requires proper notice prior to filing a lawsuit, and failure to comply with the CGIA is a jurisdictional defect. *See generally Medina v. State*, 35 P.3d 443, 452 (Colo. 2001).

Mr. Hayden has filed various documents in this matter, many of which do not conform to applicable rules, and some of which have created confusion for the Court and the parties. The Court does not delve into the merits of any pending motion before this Court, and it certainly does not address any matter set forth in motions pending before the Honorable William J. Martinez. However, based on the Court's general review of the docket, the issues presented in the Complaint, and the information this Court has received during conferences with the parties, the Court believes Mr. Hayden may have suffered some harm. Whether he is entitled to relief, and whether that relief should (or can) come from Defendants in this case, is another matter. For

the limited purposes of this Order, the Court finds the "potential merit of the claims" factor is satisfied.

Additionally, and based on the representations Mr. Hayden made during the January 13, 2023 Status Conference, the Court believes Mr. Hayden is unable to retain an attorney at this time. As to the remaining two factors, the Court believes this action presents some complexities and that the interests of justice would be well served by appointment of counsel who can review the claims, speak with Plaintiff, and potentially sharpen the issues for the Court, and streamline this proceeding for Defendants, all of whom have a significant interest in the speedy resolution of this case.

Accordingly, it is **ORDERED** that the Clerk shall select, notify, and appoint counsel to represent Plaintiff in this civil matter. *See* D.C.COLO.LAttyR 15(f)(2). Plaintiff is advised that the Clerk will select counsel from the Panel; however, there is no guarantee that Panel members will undertake representation in every case selected as part of the Civil Pro Bono Panel program. The Court cautions Plaintiff that he is still responsible for all scheduled matters, including hearings, depositions, motions, and trial.

**DATED:** January 13, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge